This case on calendar for argument is United States v. Cisneros. This case on calendar for argument is United States v. Cisneros. Good morning, Your Honors. May it please the Court. Sonam Henderson for the appellant, Felix Cisneros, Jr. I plan to reserve two minutes for rebuttal, and I'll watch my clock accordingly. The four-level enhancement for a bribery offense involving an elected public official or any public official in a high-level decision-making or sensitive position is the only enhancement in the bribery guideline that's based on the rank of the person being bribed. That assumes that the modifier modifies both high-level and sensitive position, correct? We've got a grammatical problem. I'll get to that, but just to make the point, for someone of high rank, this is the only enhancement that you're getting them on account of their rank. But the problem is that the Sensing Commission amended the guideline in 2004, dropped the increase in levels, and then says the reason that we did it was that we wanted to include all law enforcement officers. It says in the commentary, which we are supposed to disregard unless the language of the text itself is ambiguous. So we first have to find the ambiguity, which gets me back to my grammatical question. Yes, and I'll get there, but I did want to make the point that this is, if you have a corrupt senator, corrupt cabinet secretary, this is the enhancement you're going to get them through. This is the only enhancement that's going to apply to someone of a high rank because of their rank. But you're not disputing that as a sworn federal law enforcement officer for HSI, he has access to very sensitive information that the general public can't access on the text system. It depends what you mean by sensitive. Well, ongoing investigations, who's the target or subject of an ongoing criminal investigation, that's pretty sensitive stuff. Well, I would argue that it's not, that that's not what sensitive means within the meaning here. But wasn't that in part the purpose of the bribe, in order to find out whether the bribe offerer was the subject of any open investigations by HSI? That was one of the bribes, yes. But, I mean, again, if it was just enough to be the subject of the bribe to be subject to the enhancement, then everybody who was bribed would be subject to the enhancement. Well, except that law enforcement officers occupy a unique position of trust in our society. We give them powers that we don't, that the rest of us don't get to have. We do, but they're still everyday powers, and they are not. So I think, Your Honor, this will, we're coming through this sort of, to my mind, backwards. Through the back door. I'd like to talk about why it has to be high level. I'd like to talk about what sensitive means. Well, let me ask you a question, and maybe you can work it into your answer. Sure. As I understood it, the court called for additional briefing on remand to basically consider the text, structure, history, and purpose of Section 2C1.1b3. Is there anything else that you believe the court should have done or had before it in making its ruling on ambiguity and what the legislative history was behind it? Before it, I'm not sure. Done, yes, quite a bit. What more should the court have done? I'll explain. So Kisor and Castillo require the court to use the tools of statutory interpretation itself to determine whether there's any ambiguity and then also to determine the zone of ambiguity. They say even, two things there. One, even if it's ambiguous in some way, the court still has to use those same tools and identify the contours of the ambiguity, the language they use, zone of ambiguity, or at least establish the outer bounds of permissible interpretation. And what I'm struggling with is I see labels. I'm trying to figure out what those tools are. I mean, what screwdriver or hammer does the district court have to pick? Textual analysis, Your Honor, to start with, and structure. And what the court did was none of that. The court said it heard out the parties, said basically I can see arguments on both sides, therefore this must be ambiguous, therefore the commentary applies. Kisor says you're not allowed to do that. It says very specifically you're not allowed to do that. It says it's not enough to casually remark, as the court did here, that both sides insist the plain regulatory language supports their case and neither party's position strikes us as unreasonable. But we're back to my question. What more should the district court have done? What else is out there that the district court failed to consider? Sure. So the analysis of high level and the analysis of sensitive as we go through them in our briefs, and I can go through those now if you'd like. In terms of high level, we have this series qualifier canon, which tells us when there's a straightforward parallel construction, a pre-positive or post-positive modifier normally applies to the entire series. And here we have a qualifier at the beginning, high level. We have the ultimate category in question, position at the end. We have two options for what positions could be in the middle, decision or sensitive. And so overall I read this as saying a public official in a high level position that is either decision making or sensitive. How many items are there in a series? More than one, Your Honor. Well, I think it's more than two. That canon applies if there's a series, and if you look at the definition of series, I think it's more than two. I don't have the definition in front of me. I can tell you in common speech we say things like this all the time. If I said I want to hire. We're supposed to be using the canons of construction, not common speech. So if that canon of construction applies to a series and we only have a duo, does that really apply? Again, Your Honor, I still believe a duo can be a series, and if I can just get to the common speech, I think it does. The examples do make sense. If I were to say I want to hire a high-achieving science or math student, no one would think I wanted a high-achieving science student but a D math student. If I were to say I'd like a toasted poppy seed or sesame bagel, hopefully nobody would hand me a cold sesame bagel. And other examples abound. A small ham or turkey sandwich, a ripe green or red pear, a sunny first floor or second floor apartment. In all of these, just as you would expect from the series qualifier canon, the initial modifier is applying across the board. So the answer would be different if the drafter had included an article like a or any. Exactly, Your Honor. So if the drafter had wanted to break these out and say a high-level decision-making position or a sensitive position, obviously high level is now bracketed away by the article. You'd have a different problem. Right. But here I don't have that problem. And, again, I think if we look at that, plainly the enhancement, if high level applies to sensitive, it can't apply to Cisneros. He's not a high-level. What would be a low-level sensitive position? Sure. A, like a filing clerk in a nuclear department that has some classified information. How about a juror? A juror, I mean, to my mind, and this gets to sensitive, I look at the definitions for sensitive, and I see a lot of discussion of national security, policymaking, highly classified. You find that in dictionary definitions? I find those in dictionary definitions. As a reasonably adept user of the English language, I look at the word sensitive, and it is about as vague and ambiguous as I can imagine. And I see that there are different meanings. I have sensitive skin, Your Honor. But I see that there are different meanings, and that's where this other canon that, again, I think the district court should have been looking at, this nociterisosis or the rule against the perfluities, those come in as well. And those tell, certainly starting with nociterisosis, that tells us to look at the words around it. And I think of, like, the Yates case, which is the Supreme Court case about fish and about whether a fish is a tangible object. Obviously a fish is a tangible object. But if you put it on a list that starts record, document, or tangible object, the Supreme Court tells us it is not a tangible object within the meaning of that because it's cabined by the other words around it. And it's the same thing here. Even if sensitive could mean something very broad, here it's next to elected officials and high-level decision-making officials, and it is supposed to not be a term that's vastly broader than those. Excuse me, counsel, but what do we make of the fact that, as part of the amendment, the commission chose to reduce the enhancement from eight levels to four while also broadening its application? Well, broadening its application only in the commentary. And I think you make nothing of that fact unless we get to ambiguity. You make nothing of the broadening in the commentary unless you get to ambiguity. In terms of the eight to four, I'm running low on time. I want to say this quickly. In terms of the eight to four, you get, you know, the only signal you're getting outside of the commentary is that it dropped from eight to four, and that may just be that they thought it was too harsh. Four is still extremely harsh. Here it raised his sentence by 50%. For other people, it would have doubled their sentence depending on where they started and what else was going on in the case. What if we interpret sensitive position to mean a position involving public trust? So, again, I think that one problem with that is that it would totally eclipse and render meaningless the other two, because every elected official is a position involving public trust. Every high-level decision-making official is a position involving public trust. So then you're running into the rule against serpufluidity. Excuse me. So I don't think you can interpret it that broadly with these other words here. Thank you, counsel. You've exceeded your time. We'll give you a minute for rebuttal. Thank you. Good morning, Your Honors. May it please the Court. Juan Rodriguez on behalf of the United States. Defendant was a corrupt Department of Homeland Security federal agent, and he was bribed because of the information he had access to and the power he possessed. In other words, because he held a sensitive position, whether this Court agrees with the parties that the term sensitive position is unambiguous or whether the Court agrees with the district court that it is ambiguous, the upshot is the same. This Court should affirm because there are no factual disputes, and on these facts, defendant held a sensitive position. He could get someone who was otherwise inadmissible into the country via his power. He could arrest people. He wielded the power of the state. He could get somebody into the country to assist in a criminal enterprise, correct? Correct. Your Honor, and to the extent that we're going to talk about dictionary definitions and things that affect matters of national security, getting someone who's otherwise inadmissible into the country, not knowing or caring why they're coming in, that is a matter of national security. But he doesn't get to make that decision, does he? He can ask his superiors. I think the decision has to be made by the port director, doesn't it, to parole somebody into the United States? That is correct, Your Honor. But the fact that he can go to his boss, the assistant special agent in charge, in fact, he did go to his boss and he convinced his boss that this was part of a legitimate operation. He was essentially one person away from being able to parole. And the fact that he was unsuccessful doesn't actually change the analysis. Counsel, may I ask you, did the district court comply with the mandate from this court? I believe it did, Your Honor. So the court was mandated to exhaust the traditional tools of statutory interpretation before determining that the guideline was genuinely ambiguous. So where in the record can we look to determine that the district court exhausted the traditional tools of statutory interpretation? Your Honor, there was briefing. That's part of the record. There was briefing by both the government. Where did the district court articulate its application of the traditional tools of statutory interpretation? The district court did not articulate. So the district court didn't follow the mandate. Your Honor, I believe the district court did follow the mandate because it considered the arguments, and the court should have and could have been more verbose, but ultimately it read the papers, it considered oral argument, and then it made the decision. And this court's instruction was to remand so that it could consider with the party's briefing in the first instance whether— It didn't say consider. It said exhaust the traditional tools of statutory interpretation. That's correct, Your Honor. And I would argue that the parties did that through their briefing, and the court— Did the court do that? It wasn't for the parties to do it. It was for the court to do it. I believe that the fact that the court read and entertained oral argument on this very subject, again, the court could have been more verbose and on the record made that finding. But I believe the court did consider and did comply. In any event, if this court were to disagree with that, this court could, in the first instance, do that analysis should it believe that the term is, in fact, ambiguous. Well, there's no doubt, is there, that if the commentary is available to the district court, that the defendant easily qualifies for this, right? Agreed. And I'm trying to—there are parts of the sentencing guidelines I haven't applied for quite a while, but I don't remember a provision more ambiguous than this one as to high level, decision-making, and sensitive. Maybe you can point me to more ambiguous ones than that. Candidly, nothing off the top of my head, Your Honor. Again, to the extent that the court does find that the term is ambiguous for the reasons the government articulated. What do you see, counsel, as the purpose of the enhancement and the way it's structured here? Well, Your Honor, I think that the commission made that clear, and the court in Hill found that. And in Hill, it said that the enhancement was modified and that the levels were brought down. The commentary was changed because it intended to encompass, within its ambit, more law enforcement officers, which is why it removed the word supervisory. It intended to broaden its application to weed out and to punish these public officials. So that is the intent, is to broaden and encompass more. So let me ask you the same question I asked your opponent. If we did send it back down, what more is out there that the district court should have considered, or is it simply a matter of the district court would need to do a better job articulating what it was thinking behind its reasoning? I believe it would be the latter, Your Honor. It would be just being more verbose on the record and explicitly stating that it's following the defendant's analysis or the government's analysis, and stating that after exhausting the canons of construction and other methods, it finds the term ambiguous. So it seems from your answer that we could simply look at the record that was before the district court, including the briefs and the arguments made by the parties, in answering the question if we're not satisfied with the adequacy of the court's explanation. That's exactly right, Your Honor, which is why I opened with whether the court agrees with the parties that it's unambiguous or whether the court ultimately finds that the term is ambiguous. On this record, the court should affirm, because there's no factual dispute. It's very clear what the defendant was bribed for. He had access to text, a sensitive law enforcement database that had covert investigations into individuals. He's a Department of Homeland Security federal agent, and he tried to pull someone into the country. Are you asking us to do what we directed the district court to do? To the extent that the court were to find that the term is ambiguous. But you're asking us to find that it's ambiguous when we directed the district court to do that. To determine whether in the first instance whether it is ambiguous. Well, he did find it ambiguous, right? But on the record, he found it ambiguous because the arguments made by both parties made some sense to him, and therefore it was hard to choose who was right. Therefore, it must be ambiguous. That's how I read it. Did I misread it? I think certainly that's the way it could be read. How else could it be read? That the court read the briefing, entertained oral argument, and then after hearing that, the court ended up finding... There is no way you can say that the court said it exhausted the traditional rules of statutory construction. It did not say that at all. That is correct, Your Honor. Unless the court has any other questions, I'll submit and ask that the court affirm. Thank you, counsel. Let's have a minute for rebuttal. Thank you, Your Honor. Just a couple quick things. In terms of getting someone into the country illegally, there is a separate enhancement for that. B4, which was applied to Mr. Cisneros already, so it seems unlikely that that's what sensitive means, since that's a two-level enhancement for getting someone into the country. That's a big deal to parole somebody and sort of jump into the head of the line. I agree, but again, they give a specific two-level enhancement for this at B4, and so to say that's also... And that applies to the lowest-level border guard, right? Exactly. We don't get into high-level with the number four... As opposed to an investigator. Sorry? As opposed to an investigator who has direct access to the director of the port of entry, right? He has no direct access to the director of the port of entry. He had to ask his boss to ask someone else who made a recommendation to the director of the port of entry who denied it. I mean, he's a supplicant in this position, and it totally failed, which is an indication of how little... Not quite a supplicant. That's a great idea. I guess it's a no. And just... Sorry, I know I'm out of time. One last point on that. In terms of coming in to commit other crimes, I'd just refer the court to the cross-references, which, again, if you're worried that somebody lower-level is getting away with big crimes this way, there's a cross-reference section that says that if the purpose of the bribe is to commit some bigger crime, then you get bumped over into the more serious guidelines for those bigger crimes. You steal nuclear secrets, you don't get this. You get a treason. You don't disagree, though, that when, in 2004, they did remove the term supervisory and broaden the scope of the application... In the commentary. Yes. I agree with that. And to me, that, you know, shows the ad hoc nature of what the... I'm out of time. I'm happy to talk about what's wrong with the commentary. As long as you're asking questions. Okay. I'm very happy to talk about what's wrong with the commentary. I mean, the commentary is just very ad hoc. You take the same language, sensitive position, and one time you interpret it as law enforcement, all law enforcement, and another you interpret it as supervisory law enforcement. The commission, it's not reasoned, and it has to be reasonable. If you were on the commission council, how would you write a sensible instruction along these lines? Of this? Yes. Well, I would start by including the notion of high level, which falls entirely out of the commentary. The commentary doesn't say anything about high level. It just talks about direct authority. You think that's clear, high level? I mean, high level... So you could find an ambiguity in high level. You might find some undersecretary of whatever, and is he a mid-level or is he a high level? But you can look at someone like Cisneros, who has a million levels of supervision above him, and you can say quite clearly, this is not a high level guy. He's got all these people above him telling him what to do. But isn't the answer to Judge Hamilton's question that you could solve the problem by just inserting an article in front of sensitive position? You could if that's what, if you meant what the government wants it to mean, that sensitive position is not a high level, then you can insert an article. I don't understand what the commission could have been considering if they gave examples in the commentary that includes a juror, for example. But I don't think it... So even if it's ambiguous, as you know, their interpretation still has to be reasonable. I don't know how you reasonably get from the language of this to saying a juror, a law enforcement officer, these people doing important things, but everyday things, not high level things, not on the level of classified policymaking, the kinds of things you think of. Well, if the juror's sitting on a criminal case to which your life, liberty, and the pursuit of happiness depends, you know, that's a pretty sensitive decision to be made, and you are the decision maker. It's an important decision, but whether it's sensitive within the meaning of this, whether it's sensitive, like does a juror for the days of service become the equivalent of an elected public official or a high level decision maker? We don't want offerers bribing juries. We don't, and any juror is already getting... I mean, this isn't, again, this is an enhancement. This isn't the statute of conviction. It's an enhancement to receiving the bribe. Yeah, so he's getting, you know, for taking the bribe, he's already at 14, the amount of money pushes him up further. You know, for Mr. Cisneros, you think of it this way, he's a... Well, it pushes it up to an 18 if it's below, right? If it's below, right, and so you're getting, you know, well, sorry, that's if you're doing the enhancement, but even without the enhancement, it was my argument, is you're still getting a serious sentence out of this. And so the enhancement is just, is there another level of person who, by virtue of their position, because they're a senator, because they're, you know, a high level aide to the secretary of state, deserves an even higher sentence? And I'm way over, thank you for the indulgence. Thank you to both counsel for your helpful arguments. The case is argued and submitted for decision by the court.
judges: TALLMAN, RAWLINSON, Hamilton